IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHANCE MICKIEL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 6806 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| P.O. JOHN BELUSO, Star #19997, | ) | |
| P.O. GREGORY PETIT, Star #19978, | ) | |
| P.O. ROBERT SCOTT, Star #11643, | ) | |
| P.O. SALVADOR LARA, Star #17286, | ) | |
| P.O. MARY RIVERA, Star #18385 | ) | |
| and UNKNOWN AND UNNAMED | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| individually, and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chance Mickiel filed a three-count second amended complaint against defendants John Beluso, Gregory Petit, Robert Scott, Salvador Lara, Mary Rivera, an unknown number of unnamed Chicago police officers ("unknown officer defendants"), and the City of Chicago. The complaint alleges two claims pursuant to 42 U.S.C. § 1983: (1) that all individual defendants falsely arrested him (Count I); and (2) that the unknown officer defendants used excessive force against him (Count II). Count III alleges supplemental state law claims for assault and battery against the unknown officer defendants and the City, and for intentional infliction of emotional distress ("IIED") against all defendants. Plaintiff has moved for summary judgment on Count I; defendants have moved for summary judgment on all counts. For the following reasons, the court grants in part defendants' motion for summary judgment and denies in part plaintiff's motion for partial summary judgment.

**BACKGROUND**

The following facts are taken from the parties' statements of undisputed facts. On the evening of September 5, 2008, defendants Scott, Petit, and Beluso, among other police officers, executed a valid search warrant at a suspected drug house at 6521 S. Vernon Avenue in Chicago, Illinois. When the officers arrived, they detained and handcuffed the individuals who were in front of the building, including plaintiff. Officer Scott handcuffed plaintiff. Defendants Lara and Rivera were working Beat 332 on that evening.

At this point, the parties' versions of events diverge. Defendants testified that after filling out contact cards and performing name checks on the individuals, the officers uncuffed the individuals, including plaintiff, and allowed them to leave. Defendants deny that plaintiff was ever arrested or taken to the police station. In contrast, plaintiff's version is as follows: Defendant Petit ordered defendants Lara and Rivera to place him, handcuffs still on, in a squad hit him car, where he sat for approximately eight minutes. Defendants Lara and Rivera then drove him to the Third District police station.[1] At the station, two unknown police officers handcuffed him to a chair, then on his face and in his side.

---

[1] Plaintiff testified in his deposition that one unknown officer, whom plaintiff identified as a male African-American wearing a uniform, drove him to the station. Plaintiff later submitted an affidavit in which he revised that testimony, averring that two uniformed officers, not one, placed him in the squad car and took him to the station. In plaintiff's response to defendants' L.R. 56.1 statements, he states: "Plaintiff does not dispute that he provided this testimony in his deposition. However, Plaintiff disputes that there was only one officer in the squad car that took him to the station. The OEMC [Office of Emergency Management and Communications] records, along with Defendants' answers to Requests to Admit and Officer Lara and Rivera's testimony, definitively establish that Officer Lara and Rivera were driving the beat car that Plaintiff was driven in on September 5, 2008."

2

**DISCUSSION**

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing out the absence of a genuine issue of material fact. Once the moving party has met that burden, the nonmoving party must go beyond the pleadings and present specific facts showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

Defendants argue, and plaintiff does not dispute, that the claims against the unknown officer defendants should be dismissed because plaintiff has failed to identify them and the applicable statutes of limitations have now run. See Ashafa v. City of Chicago, 146 F.3d 459, 462 (7th Cir. 1998); 745 Ill. Comp. Stat. 10/8-101. Accordingly, the court dismisses the unknown defendants, thus eliminating plaintiff's claims for excessive force (Count II), which was alleged against only the unknown officer defendants, and for assault and battery (parts of Count III), alleged against only the unknown officer defendants and the City, which plaintiff cannot hold vicariously liable for the acts of individuals whom he has failed to identify.

Plaintiff also agrees that summary judgment is appropriate for defendant Beluso, who plaintiff acknowledges "did not appear to have anything to do with the detention of the Plaintiff at the scene or the [alleged] transport of the Plaintiff to the Third District Station other than being present at the scene during the execution of the search warrant." The court thus grants defendants' motion with regard to defendant Beluso.

Remaining are plaintiff's claim for false arrest (Count I) against defendants Lara, Rivera, Scott, and Petit, on which the parties have filed cross-motions for summary judgment, and plaintiff's IIED claim (part of Count III) against those defendants and the City, on which defendants have moved for summary judgment.

Moving for summary judgment on his false arrest claim, plaintiff contends that defendants Lara and Rivera falsely arrested him by driving him to the Third District police station. Defendants argue that plaintiff has failed to offer any evidence that they participated in his arrest, thus entitling them to summary judgment. In response, and in support of his own motion for partial summary judgment, plaintiff points to an OEMC record showing that Beat 332 (i.e., defendants Lara and Rivera) transported one civilian to the Third District police station after executing the search warrant at 6521 S. Vernon.[2] Defendants acknowledge that this creates "a genuine issue of material fact as to whether plaintiff was transported to the 3rd District station following the execution of the search warrant." They argue, however, that because no evidence shows that they transported him, summary judgment in their favor is appropriate. Defendants are incorrect; the OEMC query, viewed in the light most favorable to plaintiff, indicates that

---

[2] The OEMC Event Query for Event #0824919973, the event number assigned to the execution of the search warrant at 6521 S. Vernon, made at 10:35 p.m. on September 5, 2008, reads: "332 [003 W/1]."

someone was taken from 6521 S. Vernon to the Third District police station, and nothing indicates that one of the other individuals at 6521 S. Vernon was taken to the station. Neither defendant Lara nor defendant Rivera testified that they did not drive plaintiff to the station; rather, they both testified that they could not recall whether they transported someone to the station on that date. A genuine dispute of fact thus exists as to whether defendants Lara and Rivera transported plaintiff to the station.

This factual dispute, however, is immaterial, and the parties' discussion of plaintiff's false arrest claim misses the mark. Even assuming that plaintiff has established a genuine factual dispute as to whether he was arrested, police officers such as defendants Lara and Rivera, whose only involvement with an arrestee is to transport him to a police station for booking, are not liable under 42 U.S.C. § 1983 for alleged constitutional violations arising out of a plaintiff's arrest. Maltby v. Winston, 36 F.3d 548, 559 (7th Cir. 1994) (holding that a sheriff who transported an arrestee and acted as his custodian could not be liable for his false arrest). Because plaintiff does not allege that defendants Lara and Rivera had any involvement in his detention and arrest other than transporting him to the police station, his claim against them cannot survive summary judgment. See Morfin v. City of E. Chicago, 349 F.3d 989, 1000-01 (7th Cir. 2003) (citing Maltby, 36 F.3d at 559) (holding that evidence of the defendant officer transporting the plaintiff to the police station was not sufficient to hold the defendant liable for false arrest).

Nor can plaintiff survive summary judgment on his claim that defendant Scott falsely arrested him. Considering the facts in the light most favorable to plaintiff, defendant Scott's only involvement with plaintiff was detaining him at the scene of 6521 S. Vernon. As the

5

Supreme Court has held, "[i]n executing a search warrant officers may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search." Los Angeles Cty., Cal. v. Rettele, 550 U.S. 609, 614 (2007) (citing Muehler v. Mena, 544 U.S. 93, 98-100, 103 (2005), and Michigan v. Summers, 452 U.S. 692, 704-05 (1981)). In the course of exercising that authority, officers may detain individuals who are outside of the premises. United States v. Jennings, 544 F.3d 815, 818 (7th Cir. 2008) (holding "that it was reasonable for the officers to briefly detain Jennings after he entered the security perimeter surrounding the apartment where the narcotics search was underway" even when he "never stepped onto the property being searched") (citations omitted); United States v. Allen, 618 F.3d 404, 406 (3d Cir. 2010) ("[B]ased on the Supreme Court's treatment of Summers in its decision in Rettele, the officers were permitted to detain those outside [the premises] during the execution of the search warrant."). Because it is uncontested that the warrant was supported by probable cause and that the officers' conduct in executing it was reasonable, defendant Scott was entitled to detain plaintiff during the search. Summers, 452 U.S. at 706. Plaintiff has presented no evidence that defendant Scott did anything beyond detaining plaintiff at 6521 S. Vernon. Consequently, defendant Scott is entitled to summary judgment on plaintiff's false arrest claim.

A dispute of material fact does exist, however, as to whether defendant Petit falsely arrested plaintiff. (It is undisputed that if defendant was arrested, no probable cause existed to support the arrest.) Defendant Petit testified that he did not order any officers to put plaintiff in a squad car, that he did not arrest plaintiff, and that no one was arrested in connection with the search warrant at 6521 S. Vernon on September 5, 2008. Plaintiff, in contrast, has presented

evidence that defendant Petit ordered officers to place him in a squad car,[3] and that those officers drove him to the police station, where he was held—and beaten by two unidentified officers—for approximately three hours before he was released. (No charges were brought against him.) Thus, there is a factual dispute over whether defendant Petit ordered officers to place plaintiff in the car.

That dispute creates a genuine issue for trial, because if a jury were to credit plaintiff's version of the events, it could permissibly find that defendant Petit's actions constituted an arrest. No bright line rule distinguishes between a detention and an arrest. See Florida v. Royer, 460 U.S. 491, 493-95 (1983) (Terry stop became a de facto arrest when FBI agents questioned a suspected drug courier in an airport and took him to a police office, where he consented to a search of his luggage). Instead, the issue of when an arrest has occurred is a question of fact, see Sibron v. New York, 392 U.S. 40, 67 (1968), informed by the Fourth Amendment's reasonableness requirement, Texas v. Brown, 460 U.S. 730, 739 (1983); see also Royer, 460 U.S. at 500 ("The scope of the detention must be carefully tailored to its underlying justification."). Even when an individual is not formally arrested, if he is taken to a police station without his consent, probable cause, or a warrant, it is "sufficiently like [an] arrest[] to invoke the traditional rule that arrests may constitutionally be made only on probable cause." Hayes v. Florida, 470 U.S. 811, 816 (1985). Based on plaintiff's testimony that, rather than

---

[3] Plaintiff submitted an affidavit, which states that "Gregory Petit ordered two uniformed officers to place me into a squad car where I sat for up to 8 minutes before being driven to the 3rd District Police Station." Plaintiff testified that "[t]he bald-headed one, the caramel, [defendant Petit] he had them put me in a police car" and that he "sat in the squad car I say maybe about eight minutes." As discussed above, plaintiff now identifies the officers who drove him to the station as defendants Lara and Rivera.

7

permitting him to be released once the officers had finished searching the premises and running name checks on the detainees, defendant Petit ordered him, still handcuffed, into a squad car, a reasonable jury could find that Petit converted plaintiff's lawful detention into an unlawful arrest. Thus, because there is a genuine dispute of material fact as to whether defendant Petit arrested plaintiff—and because it is undisputed that, if such an arrest occurred, it was without probable cause—the court denies both parties' motions for summary judgment on Count I with respect to defendant Petit.

The court accordingly grants defendants' summary judgment motion on Count I as to defendants Lara, Rivera, and Scott, and denies it as to defendant Petit. The court denies plaintiff's motion for summary judgment on Count I.

Finally, defendants correctly argue plaintiff has presented no evidence creating a triable issue of fact on any of the elements of his IIED claim. To prove that claim, plaintiff must show that: (1) defendants' conduct was extreme and outrageous; (2) defendants intended to inflict severe emotional distress or knew there was a high probability that his conduct would do so; and (3) defendants' conduct actually caused plaintiff to experience severe emotional distress. Lopez v. City of Chicago, 464 F.3d 711, 720 (7th Cir. 2006) (citing McGrath v. Fahey, 533 N.E.2d 806 (Ill. 1988)).

First, plaintiff has presented no evidence that defendants' conduct was extreme and outrageous. Plaintiff relies on his statement in his response to defendants' summary judgment motion that defendant Scott held him at gunpoint for somewhere between 45 and 75 minutes, but as defendants correctly point out, no record evidence supports this bald assertion. It is, in fact, contradicted by his own testimony that Scott held him at gunpoint "until he handcuffed me," and

by Scott's testimony that he had his gun drawn only until the scene was secured. Second, no evidence shows—and plaintiff has not even alleged—that any defendant intended to inflict severe emotional distress or knew it was likely to result. Third and finally, plaintiff testified that he is not claiming he sustained any emotional injuries, and he presents no evidence of severe emotional distress. Thus, because no genuine dispute of material fact exists on this claim and defendants are entitled to judgment as a matter of law, defendants' motion for summary judgment is granted with respect to plaintiff's IIED claim.

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion for summary judgment except as to defendant Petit on Count I, and denies plaintiff's motion for partial summary judgment.

**ENTER:** June 9, 2011

_____
**Robert W. Gettleman
United States District Judge**